UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL HINTON, )
)
    Plaintiff )
)
v. ) 1:09-cv-00554-JAW
)
OMC RECREATIONAL BOAT GROUP, INC., )
et al., )
)
    Defendants )

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Friday, April 08, 2011, commencing at 3:00 p.m. and concluding at 4:11 p.m., with the following counsel participating:

Arthur J. Greif, Esq., and Julie Farr, Esq., for Plaintiff

Phillip S. Bixby, Esq., Jay O'Sullivan, Esq., and Mark Hart, Esq., for Defendants.

Defendants initially requested this conference out of concern over a third-party witness's refusal to testify at deposition. This concern has also prompted Defendants to file a motion requesting judicial intervention. (Doc. No. 49.) The second issue raised by defendants is the pending dispute over Plaintiff's motions to strike Defendants' two summary judgment motions for non-compliance with Local Rule 56. Plaintiff interjected additional issues as to the adequacy of Defendants' responses to multiple interrogatories and requests for production.

*Motion for Intervention as to Christopher Sprague*

On the day Plaintiff sustained his personal injuries, Mr. Sprague was piloting the boat that is the subject of this products liability action. Mr. Sprague has proved unwilling to testify at deposition unless he obtains a release from the parties. I indicated that if Mr. Sprague is properly subpoenaed for a deposition I would instruct Mr. Sprague that he has no right to deny the parties

his truthful testimony and I suggested to the parties that the subpoena could direct his appearance for deposition at this Court, if that would be desirable to the Defendants. I also instructed the parties that neither may advise Mr. Sprague as to his legal liabilities in relation to providing testimony in this matter. What I refused to do is attempt to provide Mr. Sprague with any legal advice from the court about his exposure to liability in connection with this accident. My only role would be to provide a neutral site where the deposition could be held (the parties to provide their own court reporter) and if necessary, a judicial instruction to Mr. Sprague regarding his duty as a subpoenaed witness.

The deadline to complete discovery is hereby extended to allow for the completion of Mr. Sprague's deposition. Defendants asked that the Court issue an order requiring Mr. Sprague to appear for his deposition, expecting that he will not do so in the absence of some instruction from the Court. I told the parties that I would issue a separate order indicating (a) that I reviewed the submitted materials and know of no privilege Mr. Sprague has that would entitle him to refuse to give his testimony in this matter, (b) that Defendants have leave to depose Mr. Sprague at the courthouse on a date to be determined, and (c) that Mr. Sprague is to appear at the time and place indicated in the deposition subpoena.

*Motion to Strike Motions for Summary Judgment*

Defendants have filed summary judgment papers in support of two motions for summary judgment. These filings are substantially out of compliance with the Local Rules, which has prompted Plaintiff to move to strike the summary judgment motions and a motion from the Defendants seeking leave to cure the improper filings. Attorney Bixby, local counsel, fell on his sword and explained that various factors prevented him from reviewing filings prepared by Florida counsel. He argued that there would be no appreciable inequity if the opportunity to cure

were allowed and the Court ordered Defendants to compensate plaintiff's counsel for the additional time required to file the motions to strike and any redundant filings necessitated by the curative process. Plaintiff's counsel maintains that the cure proposed in the motion for leave to cure would not actually fix the problem and requested that Defendants be denied the opportunity to fix their filings.

I granted Plaintiff's two motions and indicated that the existing motions for summary judgment will be stricken. I granted Defendants leave to submit two new motions for summary judgment addressing the exact same issues and complying with Local Rule 56 by Monday, April 11, 2011. Further response and reply deadlines will unfold on the normal timeline with regard to the first motion for summary judgment, pertaining to causation issues and comparative negligence. However, as to the second motion for summary judgment (currently Doc. No. 51), in order to avoid more briefing in the context of a Rule 56(f) motion, I ordered that Plaintiff's response deadline will be stayed pending resolution of the discovery dispute outlined below. Should I order production of additional corporate documents, Plaintiff will have 14 days from the date of production to respond to the second motion for summary judgment.

Plaintiff will receive an award of attorney's fees for the unnecessary expenses occasioned by Defendants' error. If the parties cannot agree to a reasonable hourly rate and a reasonable number of unnecessary hours expended, plaintiff may seek further court intervention.

*Discovery Concerns*

Plaintiff complains of Defendants' failure to respond to certain interrogatories and requests for production. Defendants say their obligation to respond to Plaintiff's discovery initiative is not clear, explaining that they are not truly successors in interest to Four Winns Marine, a business association that Defendants say designed and built the boat in question.

3

During the conference, it became apparent that Defendants served supplemental interrogatory responses on this very date shortly before the scheduled conference and that it would not be fair or productive to determine the adequacy of the supplemental responses during today's phone conference. Moreover, given the state of the record, it did not appear that I could resolve legal issues related to a corporate successor-in-interest and attendant destruction of documents dispute on the basis of counsel's representations alone and would require some affidavits and possibly other supportive evidence associated with prior and/or pending bankruptcy proceedings.

I instructed Plaintiff to present, in writing, what discovery he is seeking and how it relates to his case. Plaintiff has leave to file a brief by May 13, 2011, explaining what he truly wants by way of discovery and why he is entitled to it. Defendant will respond by June 3, 2011, and will supply the information associated with corporate existence and bankruptcy filings, along with a brief explanation why the same may either prevent them from being able to respond to Plaintiff's discovery requests or relieve them of the obligation of doing so. Plaintiff's reply is due by June 10, 2011. At this juncture I intend for the matter to remain on the July trial list, subject, of course, to final resolution of any summary judgment motions that are filed next Monday.

## CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

April 8, 2011              /s/ Margaret J. Kravchuk
                           U.S. Magistrate Judge