UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-00554-JAW |
| | ) | |
| OUTBOARD MARINE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION *IN LIMINE* OBJECTING TO PLAINTIFF'S PROPOSED DESIGNATION OF TERRI PAQUIN**

The Court rejects a claim that the opposing party violated the Final Pretrial Order by failing to make a timely objection to a deposition transcript designation and it rules on a number of evidentiary objections to the deponent's designated testimony.

**I. BACKGROUND**

On December 5, 2011, the Court issued a Final Pretrial Conference and Order, which required the parties to designate by December 27, 2011 "those witnesses whose testimony is expected to be presented by means of a deposition." *Report of Final Pretrial Conf. and Order* at 5 (Docket # 103) (*Final Pretrial Order*). The Order required counsel to meet on or before December 28, 2011 to review all deposition transcripts to be offered at trial and to agree upon the editing of such transcripts. *Id.* In the event counsel could not agree on the transcripts, the Order required counsel to "present any outstanding issues as to editing of any such

deposition transcripts . . . to the court on written motion, to be filed no later than December 28, 2011." *Id.*

On December 28, 2011, Outboard Marine Corporation and OMC Recreational Boat Group, Inc. (collectively OMC) moved *in limine* to exclude Mr. Hinton's designation of Terri Paquin's transcript designations. *Defs.' Outboard Marine Corporation and OMC Recreational Boat Group, Inc. Mot.* In Limine *Objecting to Pl.'s Proposed Deposition Designation* (Docket # 125). OMC presents two categories of objection: (1) that the Plaintiff's designations on December 28, 2011 were late; and (2) that specific parts of the designation are inadmissible under the Rules of Evidence. *Id.* at 1-2.

Mr. Hinton responded on January 6, 2012. *Pl.'s Mem. In Opp'n to Defs.' Mot.* In Limine *Objecting to Pl.'s Proposed Deposition Designation* (Docket # 145) (*Pl.'s Opp'n*). Mr. Hinton represented that OMC designated portions of Ms. Paquin's deposition at 5:25 p.m. on December 27, 2011. *Id.* at 1. He states he responded the very next day at 3:39 p.m. by serving counter-designations of additional testimony. *Id.* Mr. Hinton explained that he did not designate Ms. Paquin because he did not intend to use her deposition at trial; however, once OMC designated portions of her testimony, Mr. Hinton says he had a right to make counter-designations. *Id.* Turning to OMC's specific objections, Mr. Hinton says that his designations are admissible and properly respond to the portions of testimony that OMC designated.

## II. DISCUSSION

### A. Compliance with Final Pretrial Order

The Court rejects OMC's position that Mr. Hinton failed to comply with the time deadlines of the Final Pretrial Order. The Magistrate Judge held the pretrial conference on December 5, 2011 and gave counsel twelve days to provide the other party with transcript designations. The Order contemplates that counsel will do so reasonably expeditiously and if there are objections will meet to attempt to resolve them. Failing resolution, the proponent—here OMC—was required to designate by the 27th and the opponent—here, Mr. Hinton—was required to file a written motion by the 28th. The Final Pretrial Order assumes that the parties will work together so that by December 27th, they both know what the other is going to designate and therefore the tight one-day turn-around is appropriate.

The Court gathers from the motion and response that neither the Plaintiff nor the Defendants complied with the spirit of the Order. Instead, perhaps because Mr. O'Sullivan, OMC's counsel, is in Florida and Mr. Greif, Mr. Hinton's counsel, in Maine, it appears they did not take the opportunity between December 5 and 27 to meet and confer, or it may have been that things were left to the last minute—an occupational hazard for many good lawyers. In any event, late in the afternoon of the December 27th, OMC designated the portions of Ms. Paquin's deposition transcript that the Defendants intended to present at trial. Under Rule 32(a)(6), Mr. Hinton had the right to designate additional portions of the transcript that he wished to present. FED. R. CIV. P. 32(a)(6). He did so the very next day. Given OMC's last minute and apparently non-consultative notice, it is difficult to

3

understand what OMC believes Mr. Hinton should have done. He had a right to counter-designate and he did so promptly.

The Court overrules OMC's objections based on Mr. Hinton's asserted violation of the Final Pretrial Order.

### B.  Specific Objections

#### 1.  Page 24:6-24

Ms. Paquin was a passenger on the boat when the accident took place. OMC objects to Ms. Paquin's testimony on page 24, lines 6 through 24 as hearsay, immaterial and non-responsive. *Defs.' Mot.* at 1. During this portion of Ms. Paquin's direct examination by counsel for OMC, she was asked whether she had any reason to disagree with other witnesses who had said that Mr. Hinton fell off the boat, swam to the hat, got the hat, turned around, and then swam back towards the boat. *Terri Paquin Dep. Tr.* 24:6-11 (Docket # 158). Ms. Paquin responded by mentioning that once Mr. Hinton got back onto the boat, one of the persons said that they should go back and get the hat, which she thought was strange. *Id.* 24:12-19. When asked directly about whether she knew one way or the other and whether she had an independent recollection, she replied that she did not. *Id.* 24:20-14. The Court overrules OMC's objections. The testimony is neither non-responsive nor immaterial. Her recollection of someone saying that they should return to pick up the hat is not hearsay because it is not for the truth—namely, that they really should go back and pick up the hat, but rather for the fact that the hat may have been in the water after Mr. Hinton came aboard. FED. R. EVID. 801. To the extent

4

it is being introduced for the truth, the statement, given the circumstances, likely qualifies as an excited utterance. FED. R. EVID. 803(2).

### 2. Page 26:12-18

In this portion of Ms. Paquin's deposition, she testified that she did not think Mr. Hinton had been working after the accident because he was not really capable of doing so, and that this was her assumption because she did not know what happened to him years later. OMC objects on the ground of speculation. The Court overrules the objection. Ms. Paquin established in response to the preceding question that she had seen Mr. Hinton a few times after the accident. Her statement that he was not capable of working is based on her own personal knowledge. The next answer, however, clearly establishes the limits of that knowledge.

### 3. Page 28:3-10

This portion of the deposition was only Mr. Greif's question, which provoked an objection and a discussion of counsel and which Ms. Paquin never answered. The Court sustains OMC's objection to this portion of Ms. Paquin's deposition transcript.

### 4. Page 29:13-25

The Court sustains OMC's objection to lines 13 through the middle of 15 of Mr. Greif's question. The permissible question begins on line 15 with "When you first heard the shouts . . . ." The Court overrules OMC's objections based on speculation, hearsay, and foundation.

**5. Page 30:14-23; 31:3-8**

The Court overrules OMC's objection.

**6. Page 32:10-16**

The Court overrules OMC's objection.

**7. Page 35:21-23**

The Court overrules OMC's objection.

**8. Page 38:11-14**

The Court overrules OMC's objection.

**9. 42:9-12**

The Court overrules OMC's objection.

**10. 43:8-11 and 43:21-44:6**

The Court sustains the objection to the question beginning line 8 through 11 because it was never answered. Mr. Greif rephrased the question at line 18. The Court allows the question at line18 and the questioning through line 6 on page 44.

## III. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants Outboard Marine Corporation and OMC Recreational Boat Group, Inc.'s Motion *In Limine* Objecting to Plaintiff's Proposed Deposition Designation (Docket # 125).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITD STATES DISTRICT JUDGE

Dated this 19th day of January 2012