UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL HINTON, | ) |
| Plaintiff, | ) ) ) |
| v. | )    1:09-cv-00554-JAW |
| OUTBOARD MARINE CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION *IN LIMINE* AS TO WHO IS A SELLER UNDER 14 M.R.S. § 221**

The Defendants in a products liability case move the Court to prevent the Plaintiff from discussing in opening statement or questioning witnesses about whether the Defendants sold or marketed the speedboat involved in the accident, whether Four Winns, Inc., a separate corporation, was a division of one of the Defendants, and whether the Defendants were successors in interest to Four Winns, Inc. *Defs.' Mot.* in Limine *on the Issue of Who is a Seller Under 14 M.R.S.A. § 221 and Pl.'s Unsupported Claim that the Defs. Were the Sellers of the Accident Boat* (Docket # 138). The Court denies the motion because the Defendants are seeking to exclude argument and facts that are subject to proof.

The Court addressed a similar issue in its Order on the Defendants' Motion for Summary Judgment, saying that "[b]ased on this highly contested record, the Court cannot begin to determine whether Four Winns is the proper Defendant." *Order on Mots. to Exclude Expert Test. To Strike Reply to Additional Statement of Material Fact, and for Summ. J.* at 28 (Docket # 98). After reviewing the parties'

multitudinous factual disagreements, the Court concluded that there appeared to be "virtually no agreement as to any material fact. This case with its series of shifting corporate identities, successor corporations, dismissals, service of process defenses, and an intervening bankruptcy, seems particularly refractory to summary disposition." *Id.* at 29.

Through the motion *in limine* the Defendants seek to eviscerate the evidentiary heart of the Plaintiff's case by prohibiting argument and evidence about contested facts; however, the Defendants may not achieve through a motion *in limine* what they could not achieve through a motion for summary judgment. If the Defendants' version of the facts is as pellucid as they claim, convincing a jury should be a simple matter. However, in the face of facts so hotly and irreconcilably contested, the Court is determined to allow a jury to ferret out the truth among the conflicting factual claims of the parties. If it turns out after all, that the Defendants are entitled to judgment as a matter of law, the Court will address the merits of that motion if and when it is made.

The Court DENIES Defendants' Motion *in Limine* on the Issue of Who is a Seller Under 14 M.R.S.A. § 221 and Plaintiff's Unsupported Claim that the Defendants Were the Sellers of the Accident Boat (Docket # 138).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of January 2012