UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-00554-JAW |
| | ) | |
| OUTBOARD MARINE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON REQUEST FOR JUDICIAL NOTICE**

Faced with a motion demanding that the Court take judicial notice of thirty-one separate pieces of evidence, the Court dismisses the motion without prejudice to allow the parties to discuss what evidence is truly in dispute and to require the movant to sharpen his request to those items properly subject to judicial notice.

I.   **BACKGROUND**

On January 3, 2012, Outboard Marine Corporation and OMC Recreational Boat Group, Inc. (collectively OMC) moved the Court to take judicial notice of thirty-two documents, regulations, industry standards, and facts relating to a rapidly approaching products liability trial. *Defs.' Req. that the Ct. Take Judicial Notice of Applicable Regulations, Industry Standards and Documents* (Docket # 127) (*Defs.' Mot.*). On January 13, 2012, Mr. Hinton filed a response, agreeing to some but objecting to most of OMC's requests. *Pl.'s Mem. Of Law in Opp'n to Defs.' Req.*

*that the Ct. Take Judicial Notice of Applicable Regulations, Industry Standards and Documents* (Docket # 150) (*Pl.'s Opp'n*).

## II. DISCUSSION

Rule 201 provides in part:

> (b) **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> 
> (1) is generally known within the trial court's territorial jurisdiction;
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> 
> (c) **Taking Notice.** The court:
> 
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

FED. R. EVID. 201. The things that OMC proposes for judicial notice can be characterized as follows: (1) public documents; (2) official records; (3) court records; (4) a photograph; (5) federal regulations; (6) American National Standards Institute (ANSI) Standards; (7) corporate records, and (8) the hull number of the Sprague vessel involved in the accident.

Preliminarily, the Court agrees with Mr. Hinton that most of these categories are not properly subject to judicial notice under Rule 201. As the Advisory Committee has noted, "[t]he usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses." FED. R. EVID. 201 advisory committee's note (1972). The Advisory Committee further commented:

> If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite.

*Id.* Here, Mr. Hinton has expressed a determination to dispute most of the facts that OMC claims are undisputed. *Pl.'s Opp'n* at 2-4. The First Circuit has cautioned that "[c]ourts have tended to apply Rule 201(b) stringently—and well they might, for accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995). Furthermore, judicial notice, as opposed to other means of admission, requires the Court to intervene in the parties' presentation of evidence and instruct the jury to accept certain facts as evidence. If done by stipulation, the jury understands that the Court is acting by agreement of the parties; if done by judicial notice, the jury could be confused about the Court's impartiality.

The Court observes that in asking for judicial notice, OMC is doing things the hard way. Most of these matters may be admitted under different rules of evidence. *See* FED. R. EVID. 803(6) (records of a regularly conducted business activity); FED. R. EVID. 901 (authenticating or identifying evidence); FED. R. EVID. 902(1) (domestic public documents that are sealed and signed); FED. R. EVID. 902(2) (domestic public documents that are not sealed but are signed and certified); FED. R. EVID. 902(4) (certified copies of public records). At the same time, some requests, such as Code of Federal Regulations provisions on hull identification numbers or the date the Plaintiff filed the Complaint, may properly fit within the narrow confines of Rule 201(b). *See Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 468 (1st Cir. 1988) ("The OSHA regulations themselves were subject to judicial notice"); *Doustout v.*

*G.D. Searle & Co.*, 684 F. Supp. 16, 17 n.1 (D. Me. 1988) ("The Court is entitled to take judicial notice of all related proceedings and records in cases before the same court.").

But as framed, the motion is overbroad and the Court dismisses it without prejudice.  The Court directs counsel for OMC and counsel for Mr. Hinton to discuss the evidence that is the subject of this motion and determine whether it really is disputed.  Typically, as trial approaches, evidentiary positions hardened by advocacy soften with the impending reality of discretionary judicial rulings and with the stark necessity of cooperation is even between adversaries.  The Court reminds counsel for both sides that the standards for judicial notice under Rule 201 are so strict that, if judicial notice should be taken, the Court will wonder why the lawyers could not agree on something that is indisputable.  If these evidentiary snags prove intractable, the Court directs OMC to determine whether judicial notice—as opposed to other more common avenues of admission—is truly proper within the substantial constraints of the Rule.  OMC is free to reinitiate its request for judicial notice on a more focused basis but with trial looming on Monday, January 30, 2012, they must do so no later than the end of the day on Wednesday, January 25, 2012.

### III.    CONCLUSION

The Court DISMISSES without prejudice the Defendants' Request that the Court Take Judicial Notice of Applicable Regulations, Industry Standards and Documents (Docket # 127).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2012