UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| MICHAEL HINTON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 1:09-cv-00554-JAW |
| OUTBOARD MARINE CORPORATION, et al., | ) | |
| Defendants. | ) | |

# ORDER ON DEFENDANT OUTBOARD MARINE CORPORATION AND OMC RECREATIONAL BOAT GROUP, INC.'S MOTION *IN LIMINE* TO LIMIT MEDICAL DAMAGES TO AMOUNT PAID BY PLAINTIFF WHICH PLAINTIFF HAS THE BURDEN OF PROVING

In this products liability case, the Court rejects the Defendants' request that the Plaintiff limit his claim for medical expenses only to those bills he personally paid and not bills paid by third party payors. In addition, concluding that Maine law allows an injured party to claim the reasonable value of medical services, the Court allows the Plaintiff to claim the amount the medical provider customarily charged for the service and declines to limit the Plaintiff's medical expenses to the reduced amounts of reimbursement the third party negotiated and actually paid.

I. STATEMENT OF FACTS

Michael Hinton claims in this products liability case that he has incurred past medical bills resulting from his injury in the total amount of $236,695.48. *Def. Outboard Marine Corporation and OMC Recreational Boat Group, Inc.'s Mot.* in Limine *to Limit Medical Damages to Amount Paid by Pl. Which Pl. Has the Burden*

*of Proving* (*Defs.' Mot.*) Attach. 1 *Pl.'s Med. Bill Summary* (Docket # 147). Outboard Marine Corporation and OMC Recreational Boat Group, Inc. (collectively OMC) proffer that of this $236,695.48, Mr. Hinton has paid $117,246.20 and that the state of Texas, the state of Maine, and Mr. Hinton's primary insurance company have paid the rest or $119,449.28. *Defs.' Mot.* At 2. OMC contends that Mr. Hinton should not be allowed to claim as damages medical bills paid by third parties. *Id.* Second, OMC asserts that, to avoid a windfall, Mr. Hinton should be limited to claiming the actual amount of the medical bills that was paid, not the face amount of the bills. *Id.* at 3-10.

Mr. Hinton sees it differently. *Pl.'s Mem. of Law in Opp'n to Defs.' Mot.* in Limine *to Limit Med. Damages to Amount Paid by Pl.* (Docket # 153) (*Pl.'s Opp'n*). He says that OMC's first contention—limiting damages to amounts Mr. Hinton himself paid—"runs afoul of the collateral source rule." *Id.* at 1. He says that OMC's second contention—the "reasonable value" argument—has been rejected in three Maine Superior Court decisions. *Id.* at 2-3.

## II. DISCUSSION

### A. The Collateral Source Rule

Mr. Hinton is clearly correct on the collateral source question. The Maine Supreme Judicial Court expressly adopted the collateral source rule in 1978. *Werner v. Lane*, 393 A.2d 1329, 1335-38 (Me. 1978). It has been the settled law of the state of Maine since then. *See Grover v. Boise Cascade Corp.*, 2004 ME 119, ¶ 24, 860 A.2d 851, 859; *Potvin v. Seven Elms, Inc.*, 628 A.2d 115, 116 (Me. 1993);

*Moulton v. The Rival Co.*, 116 F.3d 22, 27 (1st Cir. 1997) (affirming that under Maine law plaintiff is entitled to reasonable value of medical bills even though he had been treated free of charge by Shriners Hospital); *Falconer v. Penn Mar., Inc.*, 397 F. Supp. 2d 144, 147 (D. Me. 2005). In Maine, "a plaintiff who has received compensation for her damages from sources independent of the tortfeasor remains entitled to a full recovery." *Grover*, 2004 ME 119, ¶ 24, 860 A.2d at 859 (quoting *Hoitt v. Hall*, 661 A.2d 669, 673 (Me. 1995)).

### B. The "Reasonable Value" of Medical Services

The "reasonable value" argument is more interesting but the law in Maine is against OMC. In his authoritative book on Maine jury instructions, Justice Donald Alexander presents the following jury instruction on medical damages:

> Medical expenses includes the reasonable value of medical services including; examination and care by doctors and other medical personnel, hospital care and treatment, medicine and other medical supplies shown by the evidence to have been reasonably required and actually used in treatment of the plaintiff, plus a sum to compensate the plaintiff for any medical care, medicines and medical supplies which you find are reasonably certain to be required for future treatment of the plaintiff caused by the defendant's negligence.

Donald G. Alexander, MAINE JURY INSTRUCTION MANUAL § 7-108 (4th ed.).[1] In this regard, it may be significant that this current edition eliminates prior language which read "[t]he reasonable value, not exceeding actual cost to the plaintiff." *Id.* § 7-108 (2003 ed.).

---

[1] Judge D. Brock Hornby's model jury instructions for the District of Maine contain only the "reasonable compensation" language and do not mention actual cost to the plaintiff. *See* D. Brock Hornby, PATTERN JURY INSTRUCTIONS FOR CASES OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMS. FOR THE DIST. CTS. OF THE UNITED STATES CT. OF APPEALS FOR THE FIRST CIRCUIT (Draft 6/14/2002).

3

Although there is no Maine Supreme Court case on the issue, the Maine Superior Court has addressed this question on two occasions,[2] each time ruling against OMC's position. In *Michaud v. Raceway Gov't Realty*, Docket No. CV-07-115, 2008 Me. Super. LEXIS 255 (Me. Super. Ct. Aug. 4, 2008), the Superior Court pointed out that as far as MaineCare (the state version of Medicaid) is concerned, the reimbursement rates are not necessarily based on the reasonable value of medical services, but on "what the public purse can barely afford." *Id.* at *3-4. In *Barday v. Donnelly*, CV-04-508, 2006 Me. Super. LEXIS 14 (Me. Super. Ct. Jan. 27, 2006), the Superior Court also rejected this argument, observing that "payment by MaineCare does not necessarily encompass the value of the service rendered." *Id.* at *4-9.

It is true, as OMC argues, that this issue is controversial and that other jurisdictions have ruled in OMC's favor on this issue. Those courts have raised legitimate policy concerns, such as: should the law pretend that the plaintiff is subject to costs for which he is not actually responsible, does the difference between the charge and the reimbursement rate add improperly to a plaintiff's medical damage claim, and will higher special damages drive higher awards for pain and suffering? *Defs.' Mot.* at 3-10. But the Court's best understanding of Maine law is that the injured party's medical damages are determined by the reasonable value of the service, that OMC should not benefit from the fortuity that a third party

---

[2] The Plaintiff also cites *Williams v. UPS Worldwide Forwarding, Inc.*, KENSC-CV-2004-238 (Me. Super. Ct., Ken. Cty., Oct. 11, 2004), claiming that in *Williams*, the Superior Court held that "'reasonable value' of medical expenses is ultimately a question of fact for the jury to decide." *Pl.'s Opp'n.* at 2. The Court could not locate a copy of *Williams* and has not relied upon it.

4

negotiated a favorable reimbursement rate, and that, if there is a windfall from reduced third party payments, the injured plaintiff, not the manufacturer of the defective product, should receive the difference.

## III. CONCLUSION

The Court DENIES Defendant Outboard Marine Corporation and OMC Recreational Boat Group, Inc. Motion *in Limine* to Limit Medical Damages to Amount Paid by Plaintiff Which Plaintiff Has the Burden of Proving (Docket # 147).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2012